UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
724 MANAGEMENT LLC,                          :
                                                                      :
                                  Plaintiff,    :  **MEMORANDUM DECISION AND ORDER**
                                                                      :
                      - against -                       :  No. 23-cv-9247 (BMC)
                                                                      :
SANTANDER BANK,                                 :
                                                                      :
                                Defendant.  :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this breach of contract action because defendant continued accepting payments on a loan that was past maturity instead of immediately putting the loan into default. You may want to read that sentence twice, but it is correct. As near as I can figure out from the complaint, defendant's motion for judgment on the pleadings, and plaintiff's opposition, plaintiff contends that even though the loan was past maturity, defendant should have rejected plaintiff's post-maturity interest payments. Plaintiff has pointed to no provision in the parties' loan agreement requiring that (of course) and no matter how broad the covenant of good faith and fair dealing is, it doesn't require a lender to reject payments on a matured loan. Defendant's motion is therefore granted.

## SUMMARY OF THE PLEADINGS

Plaintiff, which apparently had prior financing from defendant Santander Bank's predecessor, consolidated some loans on August 6, 2013. The documentation reflects two consolidation agreements as of that date, one with an $800,000 note secured by a parcel of real estate in Brooklyn, and another with a $530,000 note secured by an adjoining parcel. Both loans matured on August 18, 2018, but plaintiff failed to pay them off.

For about three years post-maturity (which would place us in about August 2021), instead of calling the loans, Santander continued to send plaintiff monthly invoices reflecting the interest due for each month. Plaintiff made at least some of the interest payments, and in fact, Santander reimbursed plaintiff on one occasion for a late payment charge. On March 31, 2021, Santander assigned the right to interest payments on the loans to a special purpose entity, non-party CL45 MW Loan 1, LLC.

Upon assignment of the loans to CL45, Santander stopped billing plaintiff for the monthly interest payments. Plaintiff continued to try to make monthly interest payments, but they "no longer were accepted." Plaintiff made several attempts to get in touch with Santander, but "could not reach a person authorized to speak to him [sic] about the loan."

In October 2021, plaintiff received a demand letter from an attorney representing CL45 demanding repayment of the loan. Plaintiff did not repay it, and CL45 commenced two actions, either on the respective notes or to foreclose the mortgages, in November 2021. Plaintiff settled those actions by paying CL45 $1.3 million.

Plaintiff then commenced this action in state court by service of a summons with notice. Santander removed it here and plaintiff filed a complaint containing two claims for relief: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing. Each claim seeks recovery of $1.3 million.

## DISCUSSION

**I.     Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ.

P. 12(c).  A motion for judgment on the pleadings pursuant to Rule 12(c) and a motion to dismiss under Rule 12(b)(6) are subject to the same legal standards.  See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

In deciding a motion under either Rule, the Court must "constru[e] the complaint liberally, accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor."  Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting Chase Grp. All. LLC v. City of New York Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010)).  To survive a motion for judgment on the pleadings, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

"On a [Rule] 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."  L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011).  Additionally, the court may consider "materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint."  Id. (citations and quotations omitted).

II.     **Breach of Contract Claim**

Plaintiff cites no provision of the contract that Santander breached.  One may search the notes and security agreements from top to bottom without finding one.  The loans matured in August 2018 and plaintiff did not pay them off.  Santander (or its assignee) could have

foreclosed or sued on the notes at any time thereafter but did not. Instead, Santander billed plaintiff for monthly interest. That was a boon to plaintiff, not a detriment. There is nothing in the loan documents that prohibited Santander from billing and keeping those payments, nor requiring it to keep doing that post-maturity for any period of time.

Plaintiff's theory seems to be that since Santander accepted three years of interest payments, it effectively extended the term of the loan for another five years. If that's a promissory estoppel theory (a term plaintiff never uses in its complaint nor in opposition to the motion), it falls well short. Plaintiff cites no cases that would support it on these facts (in fact, plaintiff cites no cases at all except one on the general principles of breach of contract), and for good reason. To plead a claim for promissory estoppel, a party has to plead facts plausibly showing: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance." Kaye v. Grossman, 202 F.3d 611, 615 (2d Cir. 2000).

There is nothing like that here. Plaintiff owed $1.35 million immediately due in 2018, and for three years, it was able to skate by with interest payments only. It cites no statement by anyone at Santander, orally or in writing, that unambiguously led it believe that the loan had been renewed and all it owed was interest payments, let alone renewed for five years (a period that plaintiff appears to have pulled out of thin air), let alone that plaintiff suffered any detriment by paying only interest for 3 years instead of $1.35 million in principal in 2018. A free ride is neither a breach of contract nor an estoppel.

This is especially the case since, as is usually so with commercial loans, the loan documents here prohibited modifications based on allegations of the lender's delay in exercising rights:

4

> No delay on the part of the Bank or of any such assignee or transferee in exercising any power hereunder shall operate as a waiver of any power or right nor shall any single or partial exercise of any power or right hereunder preclude other or future exercise thereof or the exercise of any other power or right.

I am not quoting the entire provision but it goes on at some length to completely refute plaintiff's argument. Thus, it is plaintiff's theory, not Santander's conduct, that is squarely contrary to the provisions of the loan agreements.

Finally, a reality check shows how frivolous plaintiff's theory is. It settled its state court litigation with CL45 for $1.3 million – less than the amount it owed on the notes. It is trying to recover $1.3 million from Santander in this action. If successful, that would mean that it received $1.3 million for nothing but interest payments from 2013 through 2021. When an argument smells that bad, it's usually because it's legally wrong.

### III.   Breach of the Covenant of Good Faith and Fair Dealing

The duty of good faith and fear dealing is an implicit obligation in every agreement not to do anything to frustrate that agreement. See Dalton v. Educ. Testing Serv., 87 N.Y.2d 384, 639 N.Y.S.2d 977 (1995). "Encompassed within the implied obligation of each promisor to exercise good faith are any promises which a reasonable person in the position of the promisee would be justified in understanding were included" and that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Dalton, 87 N.Y.2d at 389 (internal quotations omitted).

The implied covenant does not "extend so far as to undermine a party's general right to act on its own interests." Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 408 (2d Cir. 2006); see, e.g., U.S. Bank Nat'l Ass'n v. Ables & Hall Builders, 08 Civ. 2540, 2010 U.S. Dist. LEXIS 26739, at *36 (S.D.N.Y. Mar. 19, 2010) (citing and quoting Thyroff, and holding that bank's

5

exercise of its contractual right was not violation of duty of good faith and fair dealing). Thus, the duty of good faith and fair dealing sets the outer boundaries of the parties' discretionary actions. Any actions within those bounds are proper.

Plaintiff's theory that Santender breached its duty of good faith and fair dealing fails for the same reason its breach of contract claim failed. It presumes that once Santander accepted interest payments post-maturity, it had to continue to do so. In fact, plaintiff's implied covenant posits that the breach of the implied covenant was the failure to send monthly interest invoices which, because the rate was variable, plaintiff had no ability to compute on its own. As shown above, there was no obligation of Santander to do anything post-maturity, and Santander's acceptance of some post-maturity interest payments did not waive the non-waiver provision in the original loan documents.

## CONCLUSION

Defendant's motion for judgment on the pleadings is granted.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
July 20, 2024

6